UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IGOR VIDYASHEV,<br><br>                                      Plaintiff,<br><br>  - against -<br><br>VISUAL ID SOURCE, INC.<br><br>                                      Defendant. | Docket No. 2:18-cv-03117<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Igor Vidysahev ("Vidysahev" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Visual ID Source, Inc. ("Visual" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of American Rock band Bon Jovi, owned and registered by Vidysahev, a professional photographer. Accordingly, Vidysahev seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Vidysahev is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 84 Sherwood Road East, Ajaz, Ontario L1T 2Z2 Canada.

6. Upon information and belief, Visual is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 65 East 2nd Street, Mineola, New York 11501. Upon information and belief, Visual is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material, hereto, Visual has owned and operated a website at the URL: www.CustomSignsNY.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. Vidysahev photographed the rock band Bon Jovi (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Vidysahev is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph has a pending US Copyright Registration number of 1-6233355031.

**B.  Defendant's Infringing Activities**

10. Visual ran the Photograph on its Website. See http://custombuildingsigns.com/gallery/. The Website prominently featured the Photograph. A screen shot of the article is attached hereto as Exhibit C.

11. Visual did not license the Photograph from Plaintiff for its article, nor did Visual have Plaintiff's permission or consent to publish the Photograph on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST VISUAL)
## (17 U.S.C. §§ 106, 501)

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Visual infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Visual is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Visual have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST VISUAL
## (17 U.S.C. § 1202)

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

19. The conduct of Visual violates 17 U.S.C. § 1202(b).

20. Upon information and belief, Visual falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

21. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Visual intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Visual also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

22. As a result of the wrongful conduct of Visual as alleged herein, Plaintiff is entitled to recover from Visual the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Visual because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

23. Alternatively, Plaintiff may elect to recover from Visual statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Visual be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Visual be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       May 25, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Igor Vidysahev*
