UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
IGOR VIDYASHEV,

                                    Plaintiff,                                  **REPORT AND
                                                                                RECOMMENDATION**
                   -against-                                                    18-cv-3117 (JS)(SIL)

     VISUAL ID SOURCE, INC.,

                                    Defendant.
--------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this copyright infringement action, on referral

from the Honorable Joanna Seybert for Report and Recommendation, is Plaintiff's

Igor Vidyashev ("Plaintiff" or "Vidyashev") Motion for Default Judgment. *See* Docket

Entry ("DE") [14]. By way of Complaint filed on May 25, 2018, Plaintiff commenced

this action against Visual ID Source, Inc. ("Visual" or "Defendant"), alleging: (1)

copyright infringement in violation of 17 U.S.C. §§ 106 and 501 (the "Copyright Act");

and (2) copyright management information ("CMI") infringement in violation of 17

U.S.C. § 1202(b) (the "Digital Millennium Copyright Act" or "DMCA"), based on

Defendant's alleged unauthorized reproduction and public display of a copyrighted

photograph owned and registered by Vidyashev. *See* Complaint ("Compl."), DE [1].

After Defendant failed to appear or otherwise defend this action, the Clerk of the

Court entered default against it on December 19, 2018. *See* DE [10]. On June 25,

2021, Plaintiff filed the instant motion, which Judge Seybert referred to this Court

1

for a report and recommendation as to whether it should be granted, and if so, to determine the appropriate remedies. *See* June 28, 2021 Electronic Order Referring Motion. For the reasons set forth herein, it is respectfully recommended that Plaintiff's motion be granted, and he be awarded monetary relief as described below.

## I. BACKGROUND

### A. Relevant Facts

The facts below are taken from the Complaint and instant motion, and assumed true for purposes of resolving this motion. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

This controversy involves Defendant's unauthorized use of Plaintiff's photograph on Visual's website. *See* Compl. ¶¶ 1, 10, 13. Vidyashev is a professional photographer, based in Ontario, Canada, who licenses his photographs to online and print media for a fee. *See id.* ¶ 5. Visual is a New York corporation that, at all relevant times, owned and operated www.CustomBuildingSigns.com (the "Website"). *See id.* ¶ 6; Compl. Exhibit ("Ex.") B.

Plaintiff photographed rock band Bon Jovi, and has, at all relevant times, been the sole owner of all rights, title and interest in and to the photograph at issue, including its copyright (the "Photograph"). *See* Compl. ¶¶ 7-8; Compl. Ex. A. According to Plaintiff, the Photograph has a United States Copyright registration number of VA 2-097-958, effective January 26, 2018, which was pending at the time the Complaint was filed. *See* Plaintiff's Memorandum of Law and Statement of Damages in Support of His Motion for Entry of Default Judgment Against Visual ID

2

Source, Inc. Pursuant to Fed. R. Civ. P. 55(b)(2) and L.R. 55.2(b) ("Pl. Mem."), DE [15], at 4; Compl. ¶ 9. Vidyashev maintains that Defendant posted the Photograph on its Website without licensing it from Plaintiff or obtaining Vidyashev's permission or consent. *See* Compl. ¶¶ 10-11; Compl. Ex. B.

### B. Procedural History

Based on the above, Plaintiff commenced this action against Defendant on May 25, 2018, seeking declaratory and monetary relief for Visual's infringement, as well as actual or statutory damages for Defendant's removal of CMI identifying Vidyashev as the photographer of the Photograph pursuant to the Digital Millennium Copyright Act. *See generally* Compl.

Plaintiff served the Summons and Complaint on Visual on June 8, 2018. *See* DE [6]. On December 17, 2019, after the time for Defendant to appear or otherwise defend this action passed, Vidyashev requested a Certificate of Default, *see* DE [8], and the Clerk of the Court entered default against Visual on December 19, 2018. *See* DE [10].

On June 25, 2021, Plaintiff filed the instant motion for default judgment, which seeks an award of $3,468, inclusive of $2,900 in actual damages under the Copyright Act and $568 in costs pursuant to 28 U.S.C. § 1920 or Fed. R. Civ. P. 54(d), plus post-judgment interest pursuant to 28 U.S.C § 1961. *See* Notice of Motion, DE [14]; Pl. Mem. at 7-9. The motion was referred to this Court for report and recommendation on June 28, 2021. *See* June 28, 2021 Electronic Order Referring Motion. For the

reasons set forth below, the Court respectfully recommends that the motion be granted.

## II.  DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process.  *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b).  Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).   In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. *See Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18CIV5624ARRVMS, 2020 WL 6370148, at *10–11 (E.D.N.Y. Aug. 11, 2020), *report*

*and recommendation adopted*, No. 18CV5624ARRVMS, 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) (internal quotations and citations omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, No. 14-cv-4657, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

## III.  DISCUSSION

### A.  Liability for Copyright Infringement Under the Copyright Act

Vidyashev claims that he is the owner of the Photograph, *see* Compl. ¶ 8, and that Visual infringed his copyright by publishing the Photograph on its Website without his permission. *See* Compl. ¶¶ 10-11. To establish infringement of a copyright, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA Inc. v.*

*Polyvore, Inc.*, 922 F.3d 42, 61 (2d Cir. 2019) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991)).  The Copyright Act imposes strict liability, so a defendant can be liable for violations even if they are not aware of the illegal or infringing nature of their actions.  *BWP Media USA Inc.*, 922 F.3d at 47 (citing 17 U.S.C. § 504)).

### 1.  Ownership of a Valid Copyright

A plaintiff can establish ownership of a valid copyright in a default judgment case by submitting a Certificate of Registration from the Copyright Office.  *Pasatieri v. Starline Prods.*, No. 18CV4688PKCVMS, 2020 WL 207352, at *2 (E.D.N.Y. Jan. 14, 2020) (citing *Sheldon v. Plot Commerce*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *11–12 (E.D.N.Y. Aug. 26, 2016)).  Alternatively, courts in this Circuit have accepted a copyright registration number alone to establish copyright ownership in default judgment cases.  *See Lowery v. Fire Talk LLC*, No. 19CV3737LDHRER, 2020 WL 5441785, at *2 (E.D.N.Y. June 29, 2020), *report and recommendation adopted*, No. 19CV03737LDHRER, 2020 WL 5425768 (E.D.N.Y. Sept. 10, 2020).

Vidyashev submitted both the copyright registration number[1] and a copy of the copyright registration.  *See* Pl. Mem. at 4; June 25, 2021 Declaration of Igor Vidyashev ("Vidyashev Dec."), DE [17], at 5; Vidyashev Dec. Ex. C.  Accordingly, the

---

[1] The copyright number provided in the instant motion, VA 2-097-958, is a group registration for 647 photographs.  Plaintiff does not provide an image title for the Photograph that would allow the Court to confirm that this group contains the Photograph.  Nevertheless, on a motion for default judgment, "a plaintiff's assertion of the existence of a valid copyright, even without producing the certificate, are satisfactory."  *Fleishman v. World Bride Mag., LLC*, No. 19 CV 5595 (EK)(LB), 2020 WL 7774843, at *2 (E.D.N.Y. Oct. 27, 2020), *report and recommendation adopted*, No. 19-CV-5595 (EK)(LB), 2020 WL 7770936 (E.D.N.Y. Dec. 30, 2020).

Court concludes that Plaintiff has established that he owns a valid copyright to the Photograph. *Lowery*, 2020 WL 5441785, at *2; *Pasatieri*, 2020 WL 207352, at *2.

### 2.  Copying Original Constituent Elements

After establishing copyright ownership, a plaintiff must then prove:  (1) copying of constituent elements that are original, and (2) that the defendant copied these elements without authorization. *Fleishman*, 2020 WL 7774843, at *2.

A plaintiff's burden to prove that his work contains original constituent elements is low – he simply needs to show that his work contains "at least some minimal degree of creativity." *Pasatieri*, 2020 WL 207352, at *2 (internal quotations and citations omitted); *see also Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 896 (S.D.N.Y. 2016).  On a motion for default judgment, a plaintiff can meet this burden by alleging that he is the author of the photograph. *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721-MKB-SJB, 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019), *report and recommendation adopted*, No. 17CV05721MKBSJB, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).  Similarly, a plaintiff's allegations that "defendant reproduced and published a protected photograph, without proper authorization, are adequate to establish liability." *Fleishman*, 2020 WL 7774843, at *2; *see also e.g., Harvey v. PBH Networks*, Inc., No. 20 CV 948 (PKC)(LB), 2020 WL 9812924, at *2 (E.D.N.Y. Oct. 6, 2020).

Vidyashev has sufficiently alleged that he is the author of the Photograph and that Visual reproduced the Photograph on its Website without his permission. *See* Compl. ¶¶ 8, 10-11.  Plaintiff supports these allegations with a copy of the Copyright

Registration, *see* Vidyashev Dec. Ex. C, and screenshots from Defendant's Website displaying the Photograph. *See* Compl. Ex. B; Vidyashev Dec. Ex. B. The Court therefore concludes that Plaintiff has met his burden of establishing that Defendant infringed upon his copyright. See *Harvey*, 2020 WL 9812924, at *2. Accordingly, the Court concludes that Vidyashev has sufficiently established Visual's liability under the Copyright Act, and therefore respectfully recommends that Plaintiff's motion for default judgment be granted.

### B. Damages

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. App'x 28, 31 (2d Cir. 2014). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff seeks damages in the amount of $3,468, plus post-judgment interest, inclusive of $2,900 in actual damages under the Copyright Act and $568 in fees. *See* Pl. Mem. at 7-9; June 25, 2021 Declaration of James H. Freeman ("Freeman Dec."), DE [16], at ¶¶ 9-10.

### 1.  Damages Under the Copyright Act, 17 U.S.C. § 501

The Copyright Act allows a plaintiff to recover either statutory damages or actual damages.  *McGlynn v. Towers Investors.com Inc.*, No. 19CIV00089PAEGWG, 2021 WL 1777758, at *5 (S.D.N.Y. May 5, 2021) (citing 17 U.S.C. 504(a)(1)-(2)).  Here, Plaintiff seeks $2,900 in actual damages only.  *See* Freeman Dec. ¶ 9.

To calculate actual damages, the court must use "some reasonable basis for computation . . . even though the calculation may only be approximate" and avoid undue speculation.  *Nature's Enterprises, Inc. v. Pearson*, No. 08 CIV. 8549 (JGK), 2010 WL 447377, at *7 (S.D.N.Y. Feb. 9, 2010).  Courts in this Circuit have routinely held that fair market value of a work's license is a reasonable basis for awarding actual damages for lost revenue.  *See e.g., Stevens Linen Assocs., Inc. v. Mastercraft Corp.*, 656 F.2d 11, 14–15 (2d Cir. 1981); *Madden v. DreamWorks, LLC*, No. 07-CV-5273 (ARR), 2009 WL 10706573, at *3 (E.D.N.Y. July 6, 2009).

Vidyashev asserts that the "fair market value" of the Photograph is $2,900—the highest amount he would have allegedly been entitled to charge for a licensing fee if Defendant had "hypothetically contacted him to obtain permission [to use the Photograph]."  Pl. Mem. at 8-9.  To support this valuation, Plaintiff attaches a screenshot of a similar photograph taken by Getty Images that was licensed for $2,900.  *See* Vidyashev Dec. ¶ 8; Vidyashev Dec. Ex. D.  The Court notes that the photograph bears some similarities to Vidyashev's Photograph, as both depict John Bon Jovi, although the Getty Images photograph includes several other Rock & Roll Hall of Fame inductees.

Courts in this Circuit have relied on several forms of evidence to arrive at a non-speculative estimate of the fair market value of an infringed license, including consulting benchmark license fees estimated by the price calculator tool on Getty Images's website. *See, e.g., Juliff v. Headout, Inc.*, No. 20 CIV. 699 (JPC), 2021 WL 3887764, at \*2 (S.D.N.Y. Aug. 31, 2021); *Cuffaro v. Fashionisto LLC*, No. 19CV7265GBDKHP, 2020 WL 5077449, at \*4 (S.D.N.Y. July 9, 2020), *report and recommendation adopted*, No. 19CIV7265GBDKHP, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020); *Terry v. Masterpiece Advert. Design*, No. 17 Civ. 8240 (NRB), 2018 WL 3104091, at \*4 n.5 (S.D.N.Y. June 21, 2018); *Romanowicz v. Alister & Paine, Inc.*, No. 17 Civ. 8937 (PAE) (KHP), 2018 WL 4762980, at \*4 (S.D.N.Y. Aug. 3, 2018), *report and recommendation adopted*, 2008 WL 4759768 (S.D.N.Y. Oct. 1, 2018); *Ozuzu v. Function(x), Inc.*, No. 18 Civ. 6799 (ER), 2020 WL 4926247, at \*1 (S.D.N.Y. Aug. 21, 2020); *see also McGlynn v. Towers Investors.com Inc.*, No. 19CIV00089PAEGWG, 2021 WL 1777758, at \*5 (S.D.N.Y. May 5, 2021) ("We accept that screenshots from the price calculator provided by the Getty Images website in some circumstances may aid in determining the fair market value for a licensing fee of a photograph.").

The Getty Images website permits potential customers to input parameters into its calculator to generate a price that reflects the use that the licensor would put the licensed photograph to. Accordingly, courts consulting Getty Images values must ensure that the generated values match the facts of the case. See *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 n.5 (2d Cir. 2001), *as amended* (May 15, 2001) (explaining that fair market value "is not of the highest use for which plaintiff might license but

the use the infringer made"); *accord Eva's Photography, Inc. v. Alisa, LLC*, No. 20

Civ. 1617 (MKV), 2020 WL 2904848, at *1 (S.D.N.Y. June 3, 2020); *see also Juliff*,

2021 WL 3887764, at *2.   The Court also may on its own adjust the parameters

utilized by a plaintiff to arrive at a photograph's appropriate market value. *See Terry*,

2018 WL 3104091, at *4.

The $2,900 quoted figure for the Getty Images photograph that Vidyashev

provides is for use of the photograph in an advertising capacity.   *See* Vidyashev Dec.

Ex. D.   While Plaintiff does not offer Defendant's specific use of the Photograph on its

Website, the Court concludes that posting the Photograph to the Website is, to some

degree, advertising for Visual.   Accordingly, the Court respectfully recommends that

Plaintiff be awarded $2,900 in actual damages under the Copyright Act, representing

his lost licensing fee.

### 2.   Court Costs

Vidyashev further seeks a total of $568 in costs and fees, comprised of:   (i) the

$400 filing fee in this action; and (ii) $168 for service of the Summons and Complaint.

*See* Pl. Mem. at 9; Freeman Dec. ¶ 10.   The Copyright Act authorizes a court, "in its

discretion," to order the payment of court costs to the prevailing party.   *Johnson v.*

*Magnolia Pictures LLC*, No. 18-cv-9337, 2019 WL 4412483, at *4 (S.D.N.Y. Sept. 16,

2019) (quoting 17 U.S.C. § 505).   In support of its request, Plaintiff has submitted his

attorney's declaration of the costs incurred.   *See* Freeman Dec. ¶ 10; Freeman Dec.

Ex. D.   In the absence of invoices, receipts or other documentary proof of the costs

sought, however, courts decline to award costs.   *Nicaisse v. Stephens & Michaels*

11

*Assocs., Inc.*, No. 14-cv-1570, 2016 WL 4367222, at *9 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016). A party is not entitled to recover costs for which it provides inadequate substantiation. *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (finding that without underlying documentation of itemized expenses, the Court has "no way of confirming" that costs were incurred by counsel); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation). Fees are nonetheless "recoverable without supporting documentation if verified by the docket." *Feltzin v. Union Mall LLC*, No. 16-cv-2303, 2019 WL 4022292, at *9 (E.D.N.Y. Mar. 12, 2019) (citations omitted).

As an initial matter, the Court takes judicial notice that Plaintiff incurred the $400 filing fee in this action. *See* DE [1]; *see also Douyon*, 49 F. Supp. 3d at 352 (taking judicial notice of the filing fee reflected on the docket). As to the service fee, while Vidyashev's counsel submits a prepared expense report, *see* Freeman Dec. Ex. D, Plaintiff fails to supply the Court with any invoice or other documentation that would allow the Court to confirm such costs were actually incurred. Accordingly, the Court recommends that Plaintiff be awarded $400 in fees.

### 3. Post-judgment Interest

Finally, Plaintiff seeks post-judgment interest under 28 U.S.C. § 1961. *See* Notice of Motion. Pursuant to 28 U.S.C. § 1961(a), "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."

12

*Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks, citation and alteration omitted). The exercise of judicial discretion in awarding post-judgment interest is not permitted, *see id.* (citation omitted), and thus, the Court recommends awarding post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date of the entry of judgment in this case until Defendant has satisfied the judgment.

## IV.  CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment against Defendant be granted, and that Plaintiff be awarded $3,300 in damages, inclusive of actual damages under the Copyright Act and fees, plus post-judgment interest.

## V.  OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Defendant via first-class mail and file proof of service by ECF within three days of the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
             September 28, 2021

<u>/s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge

14